```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

MARVIN B. DAVIS,

                              Plaintiff,

       v.                                      CASE NO. 08-3242-SAC

ROGER WERHOLTZ, et al.,

                              Defendants.

**O R D E R**

    Plaintiff proceeds pro se and in forma pauperis on a third amended complaint, seeking damages on allegations of retaliation and the violation of his rights under the First and Fourteenth Amendments. Having reviewed the record, the court finds plaintiff's broad and encompassing allegations against a multitude of defendants at different correctional facilities are too confusing and vague to find a plausible cause of action is being stated against particular defendants. The court sets forth below its best understanding of plaintiff's claims.

    In his original complaint, plaintiff names 31 defendants within the Hutchinson Correction Facility (HCF), Winfield Correctional Facility (WCF), Lansing Correctional Facility (LCF), and the Kansas Department of Corrections (KDOC). Plaintiff's allegations appear to fall into two groupings.

    First, plaintiff complains of retaliation and the deprivation of his right of access to the courts. He cites delay in his legal

mail being sent out from HCF, and broadly alleges a conspiracy to interfere with his legal mail in retaliation for a civil case he filed in Cowley County District Court[1] regarding his confinement at WCF prior to his transfer to HCF. Plaintiff claims his transfer to HCF in October 2007, and then to LCF in May 2008 and back to HCF approximately four weeks later, impaired his ability to litigate his Cowley County case and adversely impacted his classification and privileges. Plaintiff also claims he was ordered to attend Sex Offender Treatment Program (SOTP) notwithstanding his pending criminal litigation on an "actual innocence" claim,[2] and that this forced him to choose between his right of access to the courts and his right against self incrimination under threat of losing privileges and minimum custody if he refused to participate in SOTP.

Second, plaintiff alleges the denial of substantive and procedural due process by being subjected to fraudulent and false discipline at HCF for assisting an inmate with legal work. Plaintiff states he was found not guilty on that disciplinary charge, but was found guilty of disobeying an order.

In his first amended complaint, plaintiff adds two new defendants. He generally contends that he is not treated like other prisoners, and that he is unlawfully being denied eligibility to earn and keep good time pursuant to KDOC regulations. He further claims continued interference with the delivery of legal mail

---

[1] *Davis v. Conover*, Cowley County District Court Case 07-CV-3510.

[2] Plaintiff does not further identify this pending litigation.

related to, and in retaliation for, plaintiff's pending litigation in federal court[3] and plaintiff's threat to file the instant action.

In his second amended complaint, plaintiff adds no new defendants, and expands his allegations of retaliation to claim defendants falsely characterized him as abusing the administrative grievance procedure to impede and discourage his access to administrative review of his complaints.

In his third amended complaint, plaintiff names eight additional defendants and appears to allege their involvement in denying plaintiff due process in the disciplinary action cited in the original complaint.  Plaintiff continues to allege his legal mail was mishandled, and claims retaliation in his July 2009 transfer to the Ellsworth Correctional Facility to prevent injunctive relief being pursued in a state court.

An amended complaint completely supercedes the prior complaint and renders the prior complaint without legal effect. *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir.2007). The amended complaint must stand entirely on its own, and thus must contain all claims plaintiff intends to pursue in this action against all parties identified as defendants. Plaintiff's practice of "incorporating all claims and pleadings in his original and prior amended complaints" and referring to specific paragraph numbers in pleadings to identify facts, defendants, and claims has only served to complicate any understanding of what claims are in fact being asserted, the specific facts supporting each claim, and the

---

[3]*See Davis v. Bruce*, D.Kan. Case 00-3051-CM.

defendants involved in each claim.

At best, it appears the four claims identified in the original complaint, and any claim added in the first amended complaint, are now condensed in the third amended complaint as a single count broadly asserting the violation of plaintiff's rights under the First and Fourteenth Amendment. It also appears that plaintiff's allegations continue to center on an encompassing claim of retaliation, including the alleged filing of a false disciplinary report, and that plaintiff often refers to defendants generally rather than consistently identifying which named defendant(s) participated in specific alleged misconduct. It also is not clear whether plaintiff is still attempting to assert a separate First Amendment claim of being denied access to the courts, or any separate due process claims regarding a prison disciplinary action.

Because plaintiff proceeds pro se, the court must liberally his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, just as the court must not "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his or her] behalf," *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997), it is not appropriate for the court to surmise the claims being advanced in plaintiff's "incorporated" complaints, or to pick and choose the facts and defendants involved in each claim. Plaintiff is required to follow court procedural rules. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994). These include the filing of an amended complaint on a court approved form, *see* D.Kan. Rule

9.1(a), to provide sufficient notice to defendants of the claims being asserted against them, see Fed.R.Civ.P. 8(a), and to allow the court to assess whether the claims are sufficiently alleged to warrant a response.

The court thus finds it appropriate to direct plaintiff to resubmit his third amended complaint on a court approved form complaint that does not refer to, or incorporate by reference, any portion of his earlier complaints.  The resubmitted third amended complaint must clearly state plaintiff's claim, and "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."    *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir.2008)(*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 654 n.10 (2007)). The resubmitted third amended complaint is to identify all defendants, and to use the names of relevant defendants when setting forth the factual basis for each claim and the personal participation of each defendant involved.  Plaintiff is advised that the court's review of the resubmitted third amended complaint to determine what claims warrant a response from any of the defendants will consider but not be limited to the following legal standards.

To avoid summary dismissal for failing to state a claim upon which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), the complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. "[M]ore than labels and conclusions, and a formulaic recitation fo

the elements of a cause of action" is required.  *Id.*  Plaintiff bears the burden of framing a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id*. at 556.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

Personal participation is an essential allegation in a § 1983 action. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). The failure to sufficiently allege a defendant's personal participation in the alleged violation of plaintiff's constitutional rights can result in the summary dismissal of any such defendant from this action because "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008)(quotation omitted).  Nor may plaintiff rely on the doctrine of respondeat superior alone to establish the individual liability by KDOC officials having no direct participation and causal connection to the alleged constitutional deprivation. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

An actionable claim of retaliation against a defendant requires sufficient specific facts to plausibly find the alleged retaliatory motive of that defendant was the "but for" cause of the defendant's actions.  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.1998). For instance, no retaliatory motive is plainly evident in an inmate's transfer to another facility to accommodate his appearance for a scheduled hearing in a state or federal court, notwithstanding the resulting institutional impact on the inmate's classification and

6

privileges by that transfer.

A viable claim of being denied the right of access to the courts requires a plaintiff to allege sufficient facts to plausibly establish that a defendant knowingly interfered with that right to intentionally impede plaintiff's access the courts, and that as a result of the defendant's conduct plaintiff suffered an actual injury in his ability to pursue a nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir.2010). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir.1995). This "actual injury" requirement for an access to the court claim applies to allegations of interference with a prisoner's legal mail. *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir.2005).

To establish a viable claim of being denied minimal due process guarantees in a prison disciplinary proceeding, *see Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), a plaintiff must first demonstrate that a liberty interest protected by the Due Process Clause is implicated. *See Sandin v. Conner*, 515 U.S. 472, 484(1995)(Due Process Clause applies only if restraints at issue exceed the prisoner's sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of [their] own force" and do not violate any other constitutional provision). If the facts are insufficient to plausibly establish this preliminary

showing, then no viable due process claim regarding the challenged disciplinary proceeding is stated. This same showing under *Sandin* of a liberty interest protected by the Due Process Clause applies as well to the application of prison regulations impacting classification, privileges, programs, and the ability to earn good time credit toward service of a sentence.

IT IS THEREFORE ORDERED that the court grants plaintiff thirty (30) days to resubmit his third amended complaint on a court approved form as directed by the court.

The clerk's office is to provide plaintiff with a court approved form for filing under 42 U.S.C. § 1983, a copy of the docket sheet in this matter, and copies of plaintiff's original and amended complaints (Documents 1, 3, 5 and 8).

**IT IS SO ORDERED.**

DATED:  This 28th day of September 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge