IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARVIN B. DAVIS,

                      Plaintiff,

      v.                                    CASE NO. 08-3242-SAC

ROGER WERHOLTZ, et al.,

                      Defendants.


**O R D E R**

    Plaintiff, a prisoner incarcerated in a Kansas correctional facility, initiated this civil action on September 17, 2008, by submitting a pro se complaint seeking relief under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights by prison officials.  The court granted plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915, and has allowed plaintiff to amend his complaint three times.  In the course of reviewing plaintiff's Third Amended Complaint now before the court,[1] the court discovered that plaintiff's litigation history prior to filing the original complaint fell within the "three strike" provision in 28 U.S.C. § 1915(g) which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

---

[1]Plaintiff's motions for extensions of time to file a Third Amended Complaint are granted.

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records disclose that plaintiff incurred his first "strike" when the court dismissed the complaint in *Davis v. Simmons*, *et al.*, D.Kan Case No. 01-3186-SAC, on September 5, 2002, as stating no claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii). On June 29, 2004, in Appeal No. 04-3122, the Tenth Circuit Court of Appeals affirmed that judgment.

Plaintiff incurred his second and third "strikes" in *Davis v. Kansas Dept. of Corrections*, Case No. 01-3417-SAC and Appeal 07-3044. The court dismissed the complaint on December 19, 2001, as stating no claim for relief, § 1915(e)(2)(B)(ii). Plaintiff appealed from the district court's denial of plaintiff's 2005 motion for relief from judgment, and the denial of his 2006 and 2007 motions for reconsideration. On November 19, 2007, the Tenth Circuit Court of Appeals dismissed that appeal as a frivolous appeal, § 1915(e)(2)(B)(i), and assessed a separate "strike."

While the court's discovery of plaintiff's "three-strike" status is belated, compliance with § 1915(g) is still required. In the Third Amended Complaint, plaintiff seeks relief on claims of retaliation, of being denied access to the courts and grievance procedures, of legal mail being mishandled, and of being denied due process. As nothing in plaintiff's factual allegations suggests he can satisfy the § 1915(g) exception of showing that he is subject to imminent risk of serious physical harm if these claims are not considered, it appears § 1915(g) bars plaintiff from proceeding in

2

forma pauperis in this matter with payment of the district court filing fee over time.  Plaintiff is thus directed to show cause why the court should not set aside its order granting plaintiff leave to proceed in this matter in forma pauperis under § 1915 without prepayment of the $350.00 district court filing fee required by § 1914, and why the Third Amended Complaint should not be dismissed if the $350.00 district court filing fee is not paid in full.[2]  The failure to submit a timely response may result in the Third Amended Complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motions for extensions of time (Docs. 12 and 13) to file a Third Amended Complaint are granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the order granting plaintiff leave to proceed in forma pauperis (Doc. 9) should not be set aside pursuant to § 1915(g), and why the Third Amended Complaint should not be dismissed based on plaintiff's failure to pay the $350.00 district court filing fee.

**IT IS SO ORDERED.**

DATED:  This 29th day of February 2012 at Topeka, Kansas.

                                 s/ Sam A. Crow
                                 SAM A. CROW
                                 U.S. Senior District Judge

---

[2] If leave to proceed in forma pauperis under § 1915 is set aside, plaintiff's partial payments of the district court filing fee in this matter pursuant to § 1915(b)(1) and (2) will be applied to plaintiff's outstanding district and appellate fee obligations in other cases and appeals.