**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


MARVIN B. DAVIS,

                         **Plaintiff,**

            v.                              CASE NO. 08-3242-SAC

ROGER WERHOLTZ, et al.,

                         **Defendants.**


<u>**O R D E R**</u>

On February 29, 2012, the court notified plaintiff that its recent review of plaintiff's third amended complaint and litigation history disclosed that plaintiff was subject to the 3-strike provision in 28 U.S.C. § 1915(g) which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The only exception to the prepayment requirement in § 1915(g) is a showing that satisfies the "imminent danger of serious physical harm" provision in the statute. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1308 (10th Cir.2011)(quoting *Hafed v. Federal Bureau of Prisons,* 635 F.3d 1172, 1179 (10th Cir.2011)). Finding nothing to suggest plaintiff could make such a showing on the allegations asserted in his original and amended complaints, the court directed plaintiff to show cause why the court should not set aside its order

granting plaintiff leave to proceed in this matter in forma pauperis under § 1915 without prepayment of the $350.00 district court filing fee required by § 1914, and why plaintiff's Third Amended Complaint should not be dismissed for lack of prosecution if the $350.00 district court filing fee is not paid in full.

Plaintiff had three clear strikes when he initiated the instant civil rights action in September 2008. He incurred his first strike when the court dismissed that complaint in *Davis v. Simmons*, *et al.*, D.Kan Case No. 01-3186-SAC, on September 5, 2002, as stating no claim for relief, 28 U.S.C. § 1915(e)(2)(B)(ii). On June 29, 2004, in Appeal No. 04-3122, the Tenth Circuit Court of Appeals affirmed that judgment. The Supreme Court denied Davis' petition for writ of certiorari on January 10, 2005.

Plaintiff incurred his second and third strikes in *Davis v. Kansas Dept. of Corrections*, Case No. 01-3417-SAC and Appeal 07-3044. The court dismissed the complaint on December 19, 2001, as stating no claim for relief, § 1915(e)(2)(B)(ii). Plaintiff appealed from the district court's denial of plaintiff's 2005 motion for relief from judgment, and the denial of his 2006 and 2007 motions for reconsideration. On November 19, 2007, the Tenth Circuit Court of Appeals dismissed that appeal as a frivolous appeal, § 1915(e)(2)(B)(i), and specifically stated it was assessing a separate strike. The time for seeking a writ of certiorari expired in February 2008.

In response to the February 29, 2012, show cause order, plaintiff disputes the strikes identified by the court, arguing error in counting a second strike for his appeal in *Davis v. Kansas Dept. of Corrections*, Case No. 01-3417-SAC. Plaintiff cites

*Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775 (10th Cir.1999) in support, specifically the passage stating: "If we affirm a district court dismissal under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal then counts as a single strike." *Id.* at 780.   The basic rules set forth in *Jennings*, however, further state that if the appellate court "dismiss[es] as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), *both dismissals count as strikes.*" *Id.* (emphasis added).   Accordingly, plaintiff's challenge to being subject to the 3-strike provision in § 1915(g) has no merit.

Plaintiff also advances an equitable argument based on the court's delayed recognition of 3-strikes in plaintiff's litigation history, and suggests he could have directed partial payments toward his outstanding filing fee obligations to payment of the instant district court filing fee.   However, it is well established that courts can raise the issue of strikes sua sponte, and cannot create exceptions to the unambiguous language in § 1915(g) "even to present manifest injustice." *Strope v. Cummings*, 653 F.3d 1271, 1273 and 1275 (10th Cir.2011)(citations omitted).   While the "in no event" language in § 1915(g) is not jurisdictional, courts retain discretion to ignore it only in the most extraordinary conditions. *Smith*, 636 F.3d at 1309-10 (10th Cir.2011)(citing *Dubuc v. Johnson*, 314 F.3d 1205, 1208-10 (10th Cir.2003)).[1]   No such extraordinary

---

[1]In *Dubuc*, a majority of the panel held the denial of in forma pauperis status pursuant to § 1915(g) is not a jurisdictional bar, but a statutory precondition that can be disregarded under certain circumstances. *Dubuc* involved review of an appeal brought by a prisoner-plaintiff subject to § 1915(g), and the impact of Fed.R.App.P 3(a)(2) which allows courts to potentially consider the merits of an appeal without prepayment of the appellate filing fees.  The court resolved any conflict with the federal appellate rule in favor of § 1915(g), and declined consideration of the merits of Ducoc's appeal which lacked any showing of extraordinary circumstances or imminent danger of serious physical injury.

circumstances exist here.

Plaintiff correctly points out that dismissal of his third amended complaint would present statute of limitations problems to the refiling of many of his claims, but the delay thus far in this case is in part due to plaintiff's repeated filing of amended complaints. Moreover, plaintiff makes no allegation or showing that he could or would have been able to prepay the full $350.00 district court filing fee to pursue any of his claims if his 3-strike status had been discovered earlier, and plaintiff's claims are not extraordinary in any sense to avoid the reach of § 1915(g).

Plaintiff does not allege he was subject to imminent danger of serious physical injury when filing his original or amended complaint, and has not paid the $350.00 district court filing fee. Under these circumstances, the court finds § 1915(g) bars plaintiff from proceeding in forma pauperis in this matter with payment of the $350.00 district court filing fee over time.

IT IS THEREFORE ORDERED that the order granting plaintiff leave to proceed in forma pauperis (Doc. 9) is set aside, and that plaintiff's motion (Doc. 2) is denied pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that plaintiff's complaint as subsequently amended is dismissed for lack of prosecution, based upon plaintiff's failure to pay the $350.00 district court filing fee.

**IT IS SO ORDERED.**

DATED:  This 28th day of March 2012 at Topeka, Kansas.

         s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge

4